*In Re* PAWTUCKET AND CENTRAL FALLS GRADE CROSSING COMMISSION.

CLAIM OF ARMOUR & COMPANY.

MAY 12, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Eminent Domain.   Grade Crossings.   Consequential Damages.*

Pub. Laws, cap. 1705, "an act conferring additional powers and duties upon the Pawtucket & Central Falls Grade Crossing Commission," amending Pub. Laws, cap. 896, gives no new or additional right to compensation over the right contained in the original act and such right of recovery is limited to legal damages only and does not cover indirect or consequential damages caused to a wholesale provision business by removal of a spur track causing additional expense to the carrying on of the business.

Petition for damage under Pub. Laws, cap. 1705, certified on question of law of doubt and importance.

STEARNS, J.   This cause is before this court on a question of law of doubt and importance arising before trial, which was duly certified to this court by the Superior Court.

The petitioner, Armour & Company, conducts a wholesale provision business near Dexter street in the city of Pawtucket on premises which it owns, and which adjoin a spur track formerly operated by the N. Y., N. H. & H. R. R. Co., under lease from certain railroads, owners thereof. This spur track had been used for a number of years by

petitioner and others doing business in the vicinity for the receipt and shipment of various commodities.

In 1912 the legislature passed an act (Chap. 896, Pub. Laws) to abolish certain grade crossings at Pine, Dexter and Broad streets in Pawtucket and at certain other highways in the city of Central Falls. The object of the act, as stated therein, was to assure the safety of the public. The act provided for the appointment of a commission, the ascertainment of and procedure for the collection of damages, and the apportionment of the cost of the changes between the railroads and the municipalities. Certain parts of this act were construed by this court, and the act was held to be constitutional in an opinion entitled, *In re Pawtucket & Central Falls Grade Crossing Commission*, 36 R. I. 200.

Thereafter Armour & Company and certain other parties brought a bill in equity in the Superior Court to enjoin the removal of the spur track at Dexter street. Petitioners claimed the act did not authorize the removal of the spur track and that the procedure directing removal by the commission was improper, also that the act was unconstitutional because no provision for compensation was made therein for the damages suffered by petitioners. This court in *Armour & Co.* v. *N. Y., N. H. & H. R. R. Co.*, 41 R. I. 361, held the act was constitutional and was a valid exercise of the police power by the legislature, to assure the public safety; that the act authorized the removal of the spur track and that any loss or inconvenience suffered by petitioner as a consequence thereof, was not the loss of any property right for which petitioner was entitled to compensation; that petitioner's enjoyment of the peculiar advantages of the use of the spur track by reason of its location in a particular place was not a property right of petitioner and that the removal thereof caused it no legal damage.

After the argument of the cause in this court and prior to the decision thereof, Chapter 896 was amended by Chapter 1705 of the Public Laws, entitled "An act conferring additional powers and duties upon the Pawtucket and Central

Falls Grade Crossing Commission." Section 1 of the amendment provides that the powers and duties of the Grade Crossing Commission created under the provisions of Chapter 896 are hereby defined as including the power and duty to eliminate all grade crossings mentioned in Chapter 896, expressly including the removal of all main tracks, switches, spur tracks or other tracks which cross at grade any of said public highways. By Section 2 the commission is directed to remove from any of said highways all tracks now remaining at grade thereon "exercising the powers and duties enumerated by and following the directions of Chapter 896 of the Public Laws and all acts in amendment thereof." Section 4 provides: "Any damages which may be caused by the completion of the elimination of said grade crossing, and by the removal of said track or tracks, shall be primarily paid by the City of Pawtucket, and shall be included in, and form a part of, the total actual cost of the elimination and alteration of grade crossings as required by Chapter 896 of the Public Laws, and all acts in amendment thereof and in addition thereto; any persons sustaining legal damage by reason of the completion of said elimination of any such grade crossing, and by the removal of any track, shall present his claim by filing the same in the office of the said Clerk of the City of Pawtucket within sixty days after the first publication of said notice." Provision is then made if the city fails to satisfy the claim, that the commission shall assess damages and any party aggrieved by such assessment may have such damages determined by a jury of the Superior Court on petition.

Petitioner followed the statutory procedure and not having received any damages either from the city or the commission filed a petition in the Superior Court for assessment of damages by a jury. In a bill of particulars, filed by order of court, petitioner states that its claim is for damage to its wholesale provision business conducted on its premises above referred to, and that the sum claimed is its estimate of the amount required to make it whole for the additional

expense of carrying on business in said locality because of the removal of the spur track. The commission thereupon moved that the petition for jury trial be denied and dismissed for the reason that the only damage, if any, suffered by petitioner was indirect and consequential damage and not legal damage; that Chapter 896 and amendments confer a right to an award of damages to such persons only as suffer "legal damages."

The question certified to this court is as follows: "Does the petition of Armour & Company for jury trial, with the accompanying bill of particulars, set forth circumstances which either, by virtue of the common law, or by virtue of the provisions of Chapter 896 of the Public Laws passed by the General Assembly of the State of Rhode Island, at its January Session, A. D. 1912, and the acts in amendment thereof, particularly including Chapter 1705 of the Public Laws, passed by the General Assembly aforesaid at its January Session, A. D. 1918, entitle said Armour & Company to have the question of its alleged damage submitted to a jury?"

The petitioner in this cause is not entitled to compensation by any constitutional provision or by the common law. This is admitted, but petitioner claims a right of recovery is given him by statute, by Section 4, Chapter 1705. It is argued that at the time of the passage of this amendment, the question of the authority of the commission to remove the spur tracks and the failure to provide compensation for the kind of damages suffered by petitioner were the only objections, which could be raised to the completion of the work of the commission in the abolition of grade crossings. Such being the case and in view of the time of the passage of the amendment, we are asked to find an intention on the part of the legislature to confer the right to compensation claimed by petitioner in order to prevent further delay and obstruction in the proposed changes; and it is claimed that by the use of the words "any damages which may be caused," etc., the legislature intended to provide for compensation

for damages other than those of the kinds specified in the (1) original act. As stated by petitioner in its brief the legislature could hardly have used broader or less restricted language than "any damages which may be caused," etc. In the case at bar the removal of the tracks and the passenger station to a new location, without doubt has resulted in making certain property in the vicinity of the old location less desirable for certain kinds of business and has caused a loss in the rental values of such property. There may be many other losses suffered by the proprietors of various enterprises by reason of the change of location. It is highly improbable however that the legislature intended to provide compensation for all losses of every kind and description without any restriction, and yet if petitioner's construction is to be adopted there is no guide by which we may differentiate between different kinds of losses. The succeeding clause of Section 4 provides the only procedure to be followed for the recovery of compensation and is by its terms expressly limited to "any persons sustaining legal damage." No provision is made for procedure for recovery for any but legal damage. We think the words "any damages" in the beginning of Section 4 clearly refer to legal damages, and that the purpose thereof is to designate the source of payment rather than to enlarge the right to compensation. One purpose of Chapter 1705 plainly was to remove any uncertainty, if any existed, in regard to the extent of the authority of the commission particularly in regard to spur tracks and to direct the commission to remove any tracks remaining at grade on the highways. If the original act had been defective for failure to provide for damages, such defect would have been cured by the provision in Section 4 giving a remedy to any person sustaining legal damage.

Our conclusion is that the statutes give petitioner no new or additional right to compensation, and that the right of recovery is limited to the recovery of legal damages only.

Our answer to the question certified is in the negative.

The cause is remanded to the Superior Court for further proceedings.

*Claude R. Branch, Edwards & Angell,* for Armour & Co.

*Huddy, Emerson & Moulton, E. Butler Moulton,* for Commission.